JOSÉ MANUEL ARIAS CESTERO, demandante y recurrente, *v.* ROSARIO ARIAS LÓPEZ, CELESTINO IRIARTE MIRÓ, AMANCIO ARIAS CESTERO y ÁNGEL ANTONIO ARIAS CESTERO, demandados y recurridos.

*Número:* R-67-140      *Resuelto:* 6 de junio de 1969

*Ángel Manuel Ciordia*, abogado del recurrente; *Félix Ochoteco, Jr.*, y *Luis R. Polo*, abogados de los recurridos.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

SENTENCIA

El recurrente en este recurso, José Manuel Arias Cestero, interpuso demanda en la Sala de Bayamón del Tribunal Superior contra sus hermanos Amancio y Ángel Antonio Arias Cestero, su tía Rosario Arias López y el Lcdo. Celestino Iriarte Miró, reclamando de su tía y del Lcdo. Iriarte el título sobre dos propiedades, una de cuatro y otra de setenta y seis cuerdas sitas en el Barrio Candelaria de Vega Alta. Reclamó la cantidad de $125,000 como dineros producidos por dichas fincas durante el período en que estuvieron en posesión de los demandados Rosario Arias y Celestino Iriarte, correspondiéndole de esa suma $41,500 por su parte alícuota; y reclamó, además, en concepto de daños y perjuicios imputándole negligencia a los demandados Rosario Arias López y Celestino Iriarte Miró durante el período de 18 años en que habían estado en posesión y administración de dichas fincas, la cantidad de $100,000.

En el curso de la litigación se dispuso de la controversia sobre el título de las fincas aceptando los demandados Rosario Arias y Celestino Iriarte que el título de las mismas en realidad pertenecía al demandante Manuel Arias Cestero y sus hermanos codemandados Amancio y Ángel Antonio Arias Cestero. Así lo decretó la Sala sentenciadora en sentencia, restituyéndoles a dichos hermanos el título dominical sobre las fincas mencionadas.

Dictaminó igualmente la Sala sentenciadora, parte ésta del fallo que no se impugna en este recurso, que durante el tiempo en que Rosario Arias y Celestino Iriarte Miró administraron las fincas, las mismas produjeron $44,680 de los cuales el demandante tenía derecho a una tercera parte como condómine, equivalente a $14,893.33. Que hubo gastos por $10,174.87 correspondiéndole al demandante una proporción de $3,391.63 para una participación de $11,501.64. De esta cantidad dedujo $1,400 empleados por los administradores en atención personal del demandante y $466.67 recibidos por éste de la venta de pastos, quedando un remanente de $9,634.97. Dictó sentencia condenando a Rosario Arias López y Celestino Iriarte Miró a satisfacerle esta suma.

En lo que a la reclamación de $100,000 se refiere por daños y perjuicios, la Sala sentenciadora hizo una conmovedora conclusión de hecho en lo que respecta a la condición en que el demandante ha vivido durante estos años por razón de su seria incapacidad e impedimento físico, consecuencia de su padecimiento de perlesía cerebral. No obstante haber determinado que el demandante ha pasado por sufrimientos físicos y angustias mentales, como cuestión de derecho desestimó esa reclamación por entender que no era de aplicación el Art. 1802 del Código Civil.

Las obligaciones contractuales que asumió el Lcdo. Iriarte al aceptar el poder general que le otorgara la Sra. Rosario Arias para la administración de estas fincas, poder que hemos examinado, no le imponían obligaciones de tal natu-

raleza que por negligencia en su cumplimiento fueran las causantes de los sufrimientos del demandante en su condición de incapacitado.

En el campo de la culpa aquiliana tampoco aparece que el Lcdo. Iriarte incurriera en actos de acción u omisión mediando culpa o negligencia que produjeran esos sufrimientos. En cuanto a la codemandada Rosario Arias, persona que no residía en Puerto Rico ni estaba al cuidado y atención directa del demandante, tampoco hay base en el récord para imputarle la acción u omisión de actos específicos que condujeran a aquellos sufrimientos del demandante que halló probados la Sala sentenciadora.

■ Si el demandante pudo tener más dedicación y más cuidado por razón de su impedimento de parte de familiares cercanos, es asunto que cae en la esfera de la relación familiar. Los hechos, tal como los consideró probados la Sala sentenciadora, no ofrecen base, como resolvió dicha Sala, para sostener esta reclamación de daños fundados en culpa aquiliana, aparte del problema de prescripción que pudiera estar envuelto y que no es necesario ahora considerar.

Se confirma la sentencia dictada por la Sala de Bayamón del Tribunal Superior en 27 de marzo de 1967 en lo que respecta a la desestimación de la reclamación de $100,000 en concepto de daños y perjuicios, único aspecto de dicha sentencia envuelto en este recurso.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*